UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DOE, *et al.*,<br><br>                Plaintiffs,<br>    vs.<br>CLARK COUNTY SCHOOL DISTRICT, *et al.*,<br><br>                Defendants. | Case No.: 2:24-cv-00284-GMN-BNW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Pending before the Court is the Motion to Dismiss ("MTD"), (ECF No. 56), filed by Defendant Clark County Education Association ("CCEA"). Plaintiffs filed a Response, (ECF No. 60), to which Defendant filed a Reply, (ECF No. 63).

Because CCEA does not receive federal funding obligating it to conform to Title IX requirements, nor is it a state actor under the obligation of following federal civil rights law, the Court GRANTS Defendant's Motion to Dismiss.

**I.    <u>BACKGROUND</u>**

This case arises from the alleged sexual abuse that minor Plaintiff Jane Doe experienced at the hands of her teacher, Darryl L. Lancaster, at Jo Mackey Magnet School. (*See generally* First Am. Compl. ("FAC"), ECF No. 54). Beginning in the spring semester of the 2022–2023 school year, Jane Doe experienced battery, inappropriate touching, sexual abuse, and grooming by Lancaster. (FAC ¶ 58). Jane Doe continues to suffer the ramifications of this sexual abuse. (FAC ¶¶ 60–63). Plaintiffs brought forth this action in the Eighth Judicial District Court, Clark County, Nevada, alleging causes of action against Defendants Clark County School District ("CCSD"), CCEA, Lancaster, and Kemala Washington, principal of Jo Mackey Magnet School. (*See generally* Compl., Ex. A to Pet. Removal, ECF No. 1-2). Lancaster was a member of CCEA. (*See generally* FAC). CCEA is the employees' union that represents CCSD

employees in collective bargaining negotiations. (FAC ¶ 20). CCEA removed the case from state court to this Court based on Plaintiffs' claims that all Defendants violated Jane Doe's federal rights. (*See generally* Pet. Removal, ECF No. 1). CCEA now moves to dismiss the claims pled against it. (*See generally* MTD, ECF No. 56).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Plaintiffs' FAC asserts two federal and five state claims against CCEA: (1) violation of 20 U.S.C. § 1681, *et seq.*; (2) violation 42 U.S.C. § 1983; (3) action by victim of sexual abuse, Nevada Revised Statute ("NRS") 41.13965; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) negligence; and (7) negligent hiring. (*See generally* FAC). The Court addresses the merits of Defendant's Motion as it relates to Plaintiffs' two federal causes of action, beginning with CCEA's alleged violation of 20 U.S.C. § 1681.[1]

### A. Violation of 20 U.S.C. § 1681

Defendant moves to dismiss Plaintiffs' claim for a violation of 20 U.S.C. § 1681, otherwise known as Title IX, arguing the claim fails under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). (MTD 4:19–21). Plaintiffs' FAC alleges that because all Defendants are recipients of federal financial assistance, they are prohibited from discriminating on the basis of sex, as outlined in Title IX. (*See* FAC ¶¶ 113–114). CCEA refutes this claim and instead argues that because CCEA does not receive federal funds, Plaintiffs cannot claim a Title IX violation. (MTD 4:27–5:8). Plaintiffs then contend that indirect receipt of federal funds still subjects CCEA to Title IX liability. (Resp., ECF No. 60). Finally, CCEA argues that Plaintiffs

---

[1] The Court evaluates only Plaintiffs' federal claims because they serve as the basis for this Court's jurisdiction. (Pet. Removal, ECF No. 1). As discussed in this Order, The Court will not provide Plaintiffs an opportunity to amend their 20 U.S.C. § 1681 and 42 U.S.C. § 1983 claims against CCEA because it is clear amendment would be futile. Because both federal claims are dismissed with prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims pled against CCEA. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."); *Holt v. First Franklin Fin. Corp.*, No. 10-cv-5929, 2011 WL 4595195, *4 (N.D. Cal. Sept. 30, 2011) ("When the federal claims that served as the basis for jurisdiction are eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action.").

fail to adequately allege that CCEA receives federal funding through direct means or through an intermediary. (Reply, ECF No. 63).

Discrimination on the basis of sex is prohibited for those receiving federal financial assistance. 20 U.S.C. § 1681. Plaintiffs contend that CCEA is a federal funds recipient by proxy because it indirectly receives federal financial assistance via an award or grant of money that makes up the entirety or part of its budget, and is thus, under the jurisdiction of Title IX. (*See* FAC ¶ 113). But this bare assertion amounts to a conclusory allegation that is not entitled to be assumed true. *See Iqbal*, 556 U.S. at 678. CCEA's membership is comprised of dues-paying employees of CCSD,[2] a federal funding recipient, but even if CCEA could be categorized as an indirect recipient itself, in a Title IX violation, "enforcement power may only be exercised against the funding recipient." *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 641 (1999). Dues payments do not suffice to render an organization a federal funds recipient. *Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 462 (1999). An entity that only benefits economically from federal assistance is not considered a federal funding recipient for purposes of Title IX. *Id.* at 460. Thus, a public-school employee union cannot typically be found to be a direct federal funding recipient in regard to Title IX violations.

Furthermore, indirect federal funding does not suffice to render CCEA liable for a Title IX as Plaintiffs argue. (Resp. 8:2–4). Plaintiffs rely on *Sharer v. Oregon* to support their proposition that Title IX liability can be supported by either direct or indirect funding. (*Id.*); 581 F.3d 1176, 1181 (9th Cir. 2009). But the *Sharer* court was analyzing § 504 of the Rehabilitation Act of 1973, which is not at issue here. *Sharer*, 581 F.3d at 1181. Because

---

[2] CCSD is a public school district that receives federal funds and is therefore under the Title IX obligation to not discriminate on the basis of sex. (FAC ¶ 113); 20 U.S.C. § 1681. A school district can be held liable under Title IX in cases involving a teacher's sexual harassment of a student. *Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 63 (1992).

Plaintiffs' claims do not stem from discrimination on the basis of disability status pursuant to § 504 of the Rehabilitation Act of 1973, the Court declines to extend *Sharer*'s interpretation of "Federal financial assistance" to include either indirect or direct funding to Plaintiffs' Title IX claim.

In sum, Defendant is not a direct recipient of federal funds therefore it is not covered by Title IX. Moreover, Defendant's indirect receipt of federal funds through dues payments does not place it under Title IX's provisions either. There are no facts that Plaintiffs could plead to cure these deficiencies, therefore amendment would be futile. Thus, this claim is DISMISSED with prejudice.

### B. Violation of 42 U.S.C. § 1983

Defendant next moves to dismiss Plaintiffs' claim for deprivation of civil rights under 42 U.S.C. § 1983. (MTD 7:3–16:13). A private right of action exists against those found to deprive any other person, under the color of state law, of their constitutional rights. 42 U.S.C. § 1983. Liability is established if the plaintiff shows (1) deprivation of a right secured by the Constitution, and (2) that the deprivation was committed under the color of state law. *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1149 (9th Cir. 2011). To determine if a private party deprived a plaintiff of their constitutional rights under the color of law, the private party must meet (1) the state policy requirement, and (2) the state actor requirement. *Wright v. Serv. Employees Int'l Union Local 503*, 48 F.4th 1112, 1121 (9th Cir. 2022). Both elements must be answered in the affirmative to find state action. *Collins v. Womancare*, 878 F.2d 1145, 1151 (9th Cir. 1989). There is a presumption against private conduct constituting governmental action. *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1100, 1106 (D. Nev. 2011). State action is only found where there is "a sufficiently close nexus between the state and the challenged conduct exists to fairly attribute the conduct to the state." *Id*.

The Court begins with a review of the state policy requirement. "The state policy requirement ensures that the alleged deprivation is fairly attributable to a state policy." *Wright*, 48 F.4th at 1122. The claimed constitutional deprivation must result from "the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Ohno v. Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013). Defendant argues that this requirement is not met, but Plaintiffs contend that Defendant's deprivation of Jane Doe's constitutional rights was caused by the exercise of Defendant's rights and privileges created by NRS 288. (*See* MTD 7:27–28); (Resp. 9:5–6).

NRS 288.150 states that every local government employer shall negotiate with recognized employee collective bargaining organizations, otherwise known as unions. Nev. Rev. Stat. 288.150. Unions comprised of local government employees must apply to the local government for recognition. Nev. Rev. Stat. 288.160. If at the time of applying for recognition the union can show it represents a majority of the employees, it retains the right to be the exclusive bargaining agent of the local government employees in the unit. *Id.* CCEA is the exclusive bargaining agent for CCSD employees. (FAC ¶ 20). CCSD and CCEA entered into a "Negotiated Agreement" outlining bargained-for policies concerning employee protections. (*See generally* Collective Bargaining Agreement, Ex. 1 to MTD, ECF No. 56-1). Plaintiffs' FAC alleges that CCEA's exclusive control of collective bargaining amounts to a "statutory monopoly" that led to the Negotiated Agreement, which Plaintiffs allege ensures CCEA has control over "teachers, even bad ones, remain[ing] in their position of authority." (FAC ¶¶ 122–126); (Resp. 9:11–13). Plaintiffs also allege that although CCEA is a private party, its recognition under NRS 288 satisfies the two-prong requirement outlined in *Chudacoff*. (FAC ¶ 122).

Like the charter school that contracted with the state to receive tuition from publicly-funded students in *Caviness*, CCEA is a private entity that contracted with the state of Nevada

through the Negotiated Agreement to receive dues from public-school employees. *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 815 (9th Cir. 2010).  The Nevada legislature chose to allow the recognition of local government employee unions, but that "legislative policy choice in no way makes these services the exclusive province of the State." *Id.*  Here, NRS 288 simply provides legal recognition of government employee unions.  The statute does not compel CCSD and CCEA to accept an agreement that includes giving CCEA control over teacher disciplinary measures that can put students at risk of abuse, as the Plaintiffs allege as their constitutional harm. (FAC ¶¶ 122–126).  In fact, NRS 288 itself carves out specific language that prohibits the union's ability to "hire, direct, assign, or transfer an employee." Nev. Rev. Stat. 288.150.  Therefore, the source of Plaintiffs' alleged constitutional harm is not state policy, but rather what Plaintiffs allege are lax disciplinary measures and reassignment policies rooted in the Negotiated Agreement CCSD chose to enter with CCEA. *See, e.g., Kurk v. Los Rios Classified Emps. Ass'n*, 540 F. Supp. 3d 973, 981 (E.D. Cal. 2021) (finding that a public-school teachers union's deduction of dues did not constitute state action and that the source of the teachers' alleged harm was the "particular private agreement," not a state statute or policy).  Thus, NRS 288 itself does not create a "right or privilege" for CCEA to direct whether teachers in disciplinary proceedings will remain in their position—the Negotiated Agreement contract negotiated by CCSD does. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923 (1982) ("Conduct allegedly causing the deprivation of a constitutional right protected against infringement by a State must be fairly attributable to the State.").  Accordingly, CCEA's recognition as the CCSD employees' union through NRS 288 and its Negotiated Agreement with CCSD does not amount to state policy for § 1983 purposes.  Because Plaintiffs fail to adequately allege the state policy requirement, the Court need not analyze the state actor requirement.

In sum, Plaintiff's 42 U.S.C. § 1983 claim against Defendant is DISMISSED with prejudice. The Court finds that amendment would be futile because there are no facts that Plaintiffs could allege to plausibly plead that the constitutional deprivation caused by Defendant arises from a state statute or policy. Thus, leave to amend is denied for this claim.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant CCEA's Motion to Dismiss, (ECF No. 56), is **GRANTED**. Plaintiffs' 20 U.S.C. § 1681 and 42 U.S.C. § 1983 claims against CCEA are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs remaining state law claims pled against CCEA are **REMANDED** to the Eighth Judicial District Court for Clark County, Nevada, for all further proceedings. All claims pled against the non-moving Defendants will proceed before this Court.

**DATED** this __1__ day of August, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT